IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UBER TECHNOLOGIES, INC. and
UBER USA, LLC,

    Plaintiff,

v.                                                        No. 1:20-cv-00463-NF-KHR

DENNIS MURPHY, as Personal Representative of the
Wrongful Death Estate of James Porter, deceased,
MONICA SALAZAR, and JIMMY PORTER,

    Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**RULE 12(b)(1) AND 12(h)(3) MOTION TO DISMISS**

Plaintiffs Uber Technologies, Inc. and Uber USA, LLC (collectively "Plaintiffs" or "Uber"), by and through counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Tim L. Fields and Nathan T. Nieman) hereby submit this response in opposition to Defendants' Motion to Dismiss [Doc. 4] ("Motion"). Uber has brought this action pursuant to the Federal Arbitration Act, which specifically allows Uber to petition this Court for an order directing Defendants to submit their claims to arbitration. There is no requirement that Uber seek removal of the State Court Action in order for this Court to have jurisdiction in this arbitration matter. Further, all the parties that are necessary for this Court to render a complete decision are already named in this action. Defendants have not and cannot demonstrate that Clayton Benedict, who was not a party to the arbitration agreement and claims no interest in the agreement, is required or indispensable in this action. Accordingly, this Court should summarily deny Defendants' Motion to Dismiss.

**BACKGROUND**

Uber brought this action pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, asking that this Court enter an Order directing Defendants to submit their wrongful death claims

against Uber to arbitration. The arbitration provision at issue was agreed to by decedent James Porter ("Mr. Porter") in 2015 when he registered with Uber and agreed to its Terms of Use ("Terms"), including the Arbitration Agreement contained therein. *See* Complaint [Doc. 1] at ¶ 13. Mr. Porter manifested assent to Uber's arbitration provision again on November 22, 2016 when he opened an email from Uber containing its updated Terms, and then continued to use Uber's Rider App. *See id.* ¶ 15. The Arbitration Agreement provides:

> **You and Uber agree that any dispute, claim or controversy arising out of or relating to** (a) these Terms or the existence, breach, termination, enforcement, interpretation or validity thereof, or (b) **your access to or use of the Services at any time**, whether before or after the date you agreed to the Terms, **will be settled by binding arbitration between you and Uber, and not in a court of law**.
>
> **You acknowledge and agree that you and Uber are each waiving the right to a trial by jury** . . . .

*See* Complaint, Exhibit 2-E [Doc. 1-3] at § 2 (emphasis added).

Despite the existence of this valid Arbitration Agreement, Defendants filed their wrongful death lawsuit against Uber in the First Judicial District Court, Santa Fe County, New Mexico ("State Court Action") on April 3, 2019, and filed their Amended Wrongful Death Complaint on February 12, 2020. *See* Defendants' Motion, Exhibit A [Doc. 4-1] and Exhibit B [Doc. 4-2]. Uber answered the Amended Complaint on April 30, 2020. *See* Defendants' Motion, Exhibit E [Doc. 4-5]. Then on May 13, 2020, Uber filed the present action in this Court, seeking an order compelling Defendants to submit their claims to arbitration. *See* Complaint [Doc. 1]. Finally, on May 14, 2020, Uber filed its Motion to Stay the Action or Alternative Compel Arbitration in the State Court Action, asking that the court stay the case while Uber's action to compel arbitration is pending in this Court. *See* Defendants' Motion, Exhibit F [Doc. 4-6]. Alternatively, and as required by Rule 1-007.2 NMRA, Uber asked the State Court to compel arbitration in the event that it was not inclined to stay the case. *See* Rule 1-007.2 ("A party seeking to compel arbitration of one or more

claims shall file and serve on the other parties a motion to compel arbitration no later than ten (10) days after service of the answer or service of the last pleading directed to such claims."). Uber raised the issue of arbitration in the State Court Action *only after* it was already before this Court, and did so only as an *alternative* to staying the proceedings so as not to waive its contractual rights to arbitration by operation of Rule 1-007.2.

As set forth more fully herein, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and 9 U.S.C. § 4, and no other parties are required for this Court to order full and final relief in this action. Accordingly, this Court should deny Defendants' Motion to Dismiss.

## ARGUMENT

**I.   THE FAA EXPRESSLY PERMITS UBER TO PETITION THIS COURT FOR AN ORDER DIRECTING DEFENDANTS TO SUBMIT THEIR CLAIMS TO ARBITRATION**

Uber's Complaint is properly before this Court pursuant to the procedures set forth in the Federal Arbitration Act ("FAA"). The FAA explicitly enables a party seeking the enforcement of an arbitration agreement to "*petition any United States district court* which, save for such agreement, would have jurisdiction under title 28 … for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4 (emphasis added). Here, all necessary conditions for jurisdiction are met because there exists complete diversity of citizenship between Plaintiffs and Defendants, the amount in controversy exceeds $75,000, and Plaintiffs have alleged a cause of action to compel arbitration pursuant to the FAA, 9 U.S.C. § 4.

In a bizarre attempt to keep this matter out of federal court, Defendants argue that Plaintiffs were required to actually remove the State Court Action in order for this Court to have jurisdiction. This argument is entirely misplaced and is unsupported by any relevant authority. There is simply no provision in the FAA requiring a party seeking enforcement of the arbitration agreement to actually remove a pending state court action in which the arbitration agreement may be at issue.

To the contrary, the FAA specifically provides that the aggrieved party may *petition* the district court for relief. 9 U.S.C. § 4. The plain and unambiguous language of the statute allows Uber to file its Complaint in this Court, with no requirement that it remove the underlying State Court Action.

Moreover, courts within this district have consistently permitted similar actions to compel arbitration to proceed where a state court action was first filed by the party refusing to submit their claims to arbitration. *See, e.g.*, *Evangelical Lutheran Good Samaritan Soc'y v. Moreno*, 277 F. Supp. 3d 1191, 1221 (D.N.M. 2017) ("Some time after signing this agreement, [Defendant] filed claims against [Plaintiff] in state court. . . . [Plaintiff] responded by filing its Complaint and its Motion to Compel before the Court."); *THI of New Mexico at Hobbs Ctr., LLC v. Spradlin* , 893 F. Supp. 2d 1172, 1177 (D.N.M. 2012), aff'd, 532 F. App'x 813 (10th Cir. 2013) (similar); *THI of New Mexico at Vida Encantada, LLC v. Lovato*, 848 F. Supp. 2d 1309, 1316 (D.N.M. 2012) (similar); *Jerry Erwin Assocs., Inc. v. Estate of Asher by & through Zangara*, 290 F. Supp. 3d 1213 (D.N.M. 2017) (similar). For example, in *THI of New Mexico at Hobbs Ctr., LLC v. Spradlin*, the plaintiff filed an action to compel arbitration in federal court after the defendant had first filed a wrongful death action in state court. 893 F. Supp. 2d at 1176. The defendant moved to dismiss the federal action, arguing in part that the plaintiff's federal action to compel arbitration was an "impermissible attempt to avoid a state court decision on the enforceability of the Admission Contract." *Id.* at 1183. The Court swiftly rejected this argument, explaining that "[t]his argument fails to recognize that the FAA specifically provides that any party to an arbitration agreement may file an action in federal court to compel arbitration." *Id.* Further, the court aptly noted that "it is possible to view Defendant's naming of … a New Mexico resident … in the State Court Action as a strategy solely designed to preclude removal of the State Action to federal court." *Id.* Clearly,

removal is not the required mechanism for seeking relief in federal court under the FAA. Uber has properly petitioned this Court for an order directing Defendants to submit their claims against Uber to arbitration and, therefore, Defendants' argument regarding removal is entirely misplaced.

To the extent that Defendants argue that this Court should abstain from considering the arbitration issue because it was also raised in the State Court Action, such an argument is similarly misplaced. In their Motion, Defendants claim that Uber filed a motion asking the state court to compel arbitration on May 14, 2020, and that Uber filed its May 13, 2020 federal complaint "[a]lmost simultaneously" with the state court motion. *See* Motion to Dismiss [Doc. 4] at 2. These statements blatantly misrepresent the procedural history of the state and federal court actions. Uber filed the state court Motion to Stay the Action or in the Alternative Compel Arbitration on May 14, 2020. The primary relief sought in this motion was to *stay* the state court action pending this Court's determination of the arbitration issue. Uber's motion to compel arbitration was only presented as an *alternative* ground for relief in the event that the state court is not inclined to stay the proceedings. In fact, Uber was required by Rule 1-007.2 NMRA to move to compel arbitration in state court within ten (10) days of answering the Complaint, or otherwise waive its contractual right to seek arbitration. Furthermore, the arbitration issues were not raised "almost simultaneously" before the state and federal courts. Uber raised the issue of arbitration with this Court on May 13, 2020 when it filed its Complaint to Compel Arbitration [Doc. 1]. Uber raised the arbitration issue in the state court a day later, and only as an *alternative* request to staying the proceedings because of the mandatory nature of Rule 1-007.2. *See* Defendants' Motion, Exhibit F [Doc. 4-6]. Uber affirmatively selected this Court as the forum to consider the arbitration issue and, accordingly, it is for this Court to decide.

## II.     CLAYTON BENEDICT IS NOT AN INDISPENSABLE PARTY

Defendants next argue that Plaintiff's Complaint should be dismissed for failure to join an indispensable party, namely, state court defendant Clayton Benedict. Defendants' argument fails because Mr. Benedict is neither a necessary nor indispensable party under Fed. R. Civ. P. 19.

When, as here, not all of the parties to a state court action are present in an action in federal court to compel arbitration, "'diversity of citizenship is determined in these cases by the citizenship of the parties named in the proceedings before the district court, plus any indispensable parties who must be joined pursuant to Rule 19.'" *Jerry Erwin Assocs., Inc. v. Estate of Asher*, 290 F. Supp. 3d 1213, 1231 (D.N.M. 2017) ("*Asher*") (quoting *Northport Health Serv's of Arkansas LLC v. Rutherford*, 605 F.3d 483, 491 (8th Cir. 2010)). In *Asher*, for example, Judge Browning did not find it necessary to perform a Rule 19 analysis, but instead concluded that the court "will look only at the citizenship of the parties before it to determine diversity" and that it would "not 'look through' to the state court action in diversity cases." 290 F. Supp. 3d 1213, 1245. In the present case, it is undisputed that the parties before this Court are diverse. Plaintiff Uber Technologies, Inc. is a Delaware corporation with its principal place of business in California. *See* Complaint [Doc. 1] at ¶ 1. Uber Technologies, Inc. is the sole member of Uber USA, LLC, which is a Delaware limited liability company. *See id.* ¶ 2. Defendants, on the other hand, are all New Mexico citizens. *Id.* at ¶¶ 3-6. Accordingly, complete diversity exists between the parties before this Court and this Court has jurisdiction per 28 U.S.C. § 1332(a)(1).

Even if this Court were to perform a Rule 19 analysis, there are no indispensable parties and, consequently, no jurisdictional impediment to this action. To prevail on their motion, Defendants must establish that state court defendant Clayton Benedict indispensable, a burden they cannot meet given that "[i]n the context of a federal action to compel arbitration, every circuit to

consider the issue has concluded that a party joined in a parallel state court contract or tort action who would destroy diversity jurisdiction is not an indispensable party under Rule 19." *THI of New Mexico at Vida Encantada, LLC v. Lovato*, 848 F. Supp. 2d 1309, 1317 (D.N.M. 2012) ("*Lovato*") (quoted authority omitted). Defendants have not provided any reason for this Court to depart from this well-accepted principle.

"The question of whether an absent party is necessary and/or indispensable is resolved by applying Rule 19 of the Federal Rules of Civil Procedure." *Davis v. United States*, 192 F.3d 951, 957 (10th Cir. 1999). "Courts use a three-part analysis to decide whether a party is indispensable." *Life Care Centers of Am., Inc. v. Estate of Blair by & through Rhoden*, No. CV 17-0249 KBM/KK, 2017 WL 3432209, at *8 (D.N.M. Aug. 9, 2017) ("*Blair*") (citing *Begay v. Pub. Serv. Co. of N.M.*, 710 F. Supp. 2d 1161, 1182 (D.N.M. 2010) (Browning, J.)). First, a court decides whether the party is required under Rule 19(a). Second, if the party is required, then a court considers whether joinder is feasible. Finally, if joinder is not feasible, then a court must determine whether the party is indispensable under Rule 19(b). *Id.* The party seeking dismissal for inability to join an allegedly indispensable party has the burden of persuasion. *See Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996).

### A. Mr. Benedict is Not Required or Necessary

Defendants contend that Mr. Benedict is an indispensable party to this action, but provide no threshold analysis under Rule 19(a)(1) showing how Mr. Benedict is a required party. *See* Fed. R. Civ. P. 19(a)(1). Rule 19(a)(1) considers whether a party is required to be joined (*i.e.*, whether the party is required or necessary). If a party is deemed to be required or necessary under Rule 19(a)(1) but cannot be feasibly joined, then Rule 19(b) considers whether the action can proceed without that party (*i.e.*, whether the party is indispensable). Defendants here completely

circumvent the analysis under Rule 19(a)(1)[1] and proceed directly to their arguments under Rule 19(b). A proper analysis under Rule 19(a)(1), however, would reveal that Mr. Benedict is neither required nor necessary to this action and, by extension, is not indispensable under Rule 19(b).

A party is required or necessary if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Here, Defendants have not and cannot show that Mr. Benedict is a required or necessary party. First, this Court can accord complete relief among the existing parties—Defendants and Uber—by rendering a decision on the enforceability of the arbitration agreement. *See* Fed. R. Civ. P. 19(a)(1)(A). Mr. Benedict need not be a party to this action for the Court to render a full and final decision regarding the agreement to which Mr. Benedict is not even a party. Second, Mr. Benedict claims no interest in the contract between Defendants and Uber and, consequently, disposing of this action in his absence will not impair or impede his ability to protect his interests. *See* Fed. R. Civ. P. 19(a)(1)(B)(i); see also *THI of New Mexico at Hobbs Ctr., LLC v. Patton*, 851 F. Supp. 2d 1281, 1288 (D.N.M. 2011) (holding that the non-diverse party was neither necessary nor indispensable because the court could administer complete relief among the parties, *i.e.*, an order compelling arbitration, and because the non-diverse party was not "claiming an interest in this arbitration action that will be impaired by his absence."). And third, this Court's decision on whether the arbitration agreement is enforceable will not leave Defendants subject to

---

[1] Defendants made two conclusory references to Rule 19(a)(1)(B)(ii) but provide no substantive analysis or explanation regarding whether Mr. Benedict is a necessary party per Rule 19(a)(1). *See* Motion [Doc. 4] at 8.

"a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). Inconsistent obligations under Rule 19(a)(1)(B)(ii) are <u>not</u> the same as "inconsistent adjudications or results." *See, e.g.*, *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998). Rather, inconsistent obligations exist where "a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Id.* (citing 4 James Wm. Moore et al., Moore's Federal Practice ¶ 19.03 (3d ed.1997)). In contrast, inconsistent adjudications or results exist where "a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum." *Id.* The risk of inconsistent adjudications or results is <u>not</u> enough to "necessitate joinder of all of the parties into one action pursuant to Fed.R.Civ.P. 19(a)." *Id.*; see also *Begay v. Pub. Serv. Co. of N.M.*, 710 F. Supp. 2d 1161, 1183 (D.N.M. 2010) (Browning, J.) ("*Begay*") (quoting *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998)).

Here, Defendants' argument boils down to the mere inconveniences that may arise by having to litigate their claims against Mr. Benedict in one forum while Uber seeks arbitration in another. *See* Motion [Doc. 4] at 8. In other words, they argue that there exists a risk of inconsistent adjudications or results. But even if Defendants could establish hat there exists a risk of inconsistent adjudications or results, this is not enough to necessitate joinder of all parties under Rule 19(a). *See Begay*, 710 F. Supp. 2d at 1183. Defendants have also failed to show how they would be at risk of incurring multiple or inconsistent obligations if Mr. Benedict is not joined in this action. Critically, the relief sought by Uber in the federal action is merely to compel arbitration, while the relief Defendants seek in their State Court Action are damages related to wrongful death. Defendants have provided no argument or cited any authority to demonstrate that, in Mr. Benedict's absence, this Court cannot afford complete relief among the parties as contemplated by

Rule 19(a)(1)(A), or that Defendants would be subject to multiple or inconsistent obligations as contemplated by Rule 19(a)(1)(B). Accordingly, Defendants have failed to establish that Mr. Benedict is a necessary party and this action can proceed in his absence.

### B. Mr. Benedict is Not Indispensable

If this Court were to conclude that Mr. Benedict is necessary, Defendants' Motion must nevertheless be denied because Mr. Benedict is not indispensable. *See Lovato*, 848 F. Supp. 2d at 1317 (every circuit court to have considered the issue in circumstances similar to this case has found non-diverse state court parties are not indispensable). Rule 19(b) sets out four factors a court, "using its discretion, balances" when determining whether, in equity and good conscience, an action should proceed without an absent necessary party. *Begay*, 710 F. Supp. 2d at 1182. Those four factors are:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Courts in this district have held that parties named in a state court action are not indispensable to a federal court action seeking to compel arbitration. *See, e.g.*, *THI of New Mexico at Hobbs Ctr., LLC v. Spradlin*, 893 F. Supp. 2d 1172, 1179 (D.N.M. 2012), aff'd, 532 F. App'x 813 (10th Cir. 2013); *Life Care Centers of Am., Inc. v. Estate of Blair by & through Rhoden*, No. CV 17-0249 KBM/KK, 2017 WL 3432209, at *9 (D.N.M. Aug. 9, 2017). For example, in *Blair*, 2017 WL 3432209, at *10, the court rejected the argument that potential prejudice and possible inconsistent judgments warranted dismissal under Rule 19(b). The court identified three reasons

for rejecting this argument, all of which apply to this case. First, the potential for prejudice, if any, that does exist could be lessened or avoided by Defendants because they can simply name Mr. Benedict as a party to the arbitration proceeding. Consequently, Defendants "[have] the ability to mitigate or even eliminate any potential prejudice [they have] identified." *Id.* Second, as in *Blair*, "the potential for prejudice is a direct result of [Defendants'] decision to file a suit ... in state court rather than to demand arbitration under the parties' contract." *Id.* at *11 (quoting *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 202 (6th Cir. 2001)). And third, "the possibility of piecemeal litigation is a necessary and inevitable consequence of the FAA's policy that strongly favors arbitration." *Id.* (quoting *PaineWebber, Inc.*, 276 F.3d at 202).

Other circuit courts of appeals have similarly rejected this "prejudice" argument, even when the result may lead to piecemeal or inconsistent litigation, because of the FAA's strong preference for arbitration. For example, the Eighth Circuit in *Rutherford* reiterated the well-established principle that it is not necessary to name all joint tortfeasors as defendants in an action to compel arbitration, and it concluded that the non-diverse administrators were not indispensable parties. *Northport Health Serv's of Arkansas LLC v. Rutherford*, 605 F.3d 483, 491 (8th Cir. 2010). The *Rutherford* court agreed with a number of federal circuit court cases, including *Brown v. Pacific Life Ins. Co*, 462 F.3d 384 (5th Cir. 2006). In *Brow*n, the Fifth Circuit upheld the district court's conclusion that an investment brokerage firm's representative was not indispensable to a motion to compel arbitration brought by the investment brokerage firm. The Fifth Circuit rejected the argument that the parties opposing arbitration would be prejudiced under Rule 19(b), holding: "The threat of piecemeal, inconsistent litigation of claims and issues, the Browns' primary concern, is insufficiently prejudicial to render a party indispensable under Rule 19 given the oft-stated preference for arbitration under the FAA." *Id.* at 394. The Fifth Circuit also rejected the

argument that any potential conflict between the federal and state courts' interpretations of the arbitration agreement constituted adequate prejudice under Rule 19(b). *Id.* (stating that the "fear that the federal and state courts will reach conflicting interpretations of the arbitration clauses does not present the degree of prejudice necessary to support a conclusion that [the absent party] is an indispensable party" (quoting *PaineWebber, Inc*., 276 F.3d at 203)).

As the *Brown* court held, there is only a slight risk of prejudice, and consequently, Rule 19(b)'s second factor, the extent to which prejudice can be reduced or eliminated, is largely irrelevant. The *Brown* court also rejected arguments similar to Defendants' Rule 19(b)(3) & (4) arguments, holding:

> [R]equiring arbitration of these claims in accordance with the arbitration agreement, while allowing a state court to pronounce upon the issue of arbitrability, does not render the potential judgment inadequate. Finally, although the state court may be able to provide an adequate alternative remedy, such availability is insufficient reason for deciding that an FAA action should not proceed.

*Id.* (citations omitted). This rationale applies equally to Defendants' Motion here. The strong preference for arbitration under the FAA overrides any concern regarding the possibility that the state court may pronounce upon or decide the arbitrability issue. Further, as noted above, the arbitration issue is only before the state court as an *alternative* to Uber's primary request for a stay of the State Court Action.[2] This lessens any prejudice arguments put forth by Defendants in this case. In short, the balancing of the four Rule 19(b) factors warrant that this action can and should proceed in Mr. Benedict's absence.

## III.     THIS COURT SHOULD DENY DEFENDANTS' JURY DEMAND

Finally, Defendants improperly request a jury trial on the issue of contract formation. The arbitration agreement at issue contains a clear and unmistakable delegation clause that requires the

---

[2] Notably, Clayton Benedict has also requested a stay of the State Court Action pending the resolution of his criminal case.

arbitrator to decide any gateway issues of arbitrability, including any alleged dispute regarding the underlying contract formation. Specifically, the delegation clause provides as follows:

> The parties agree that **the arbitrator ("Arbitrator")**, and not any federal, state, or local court or agency, **shall have exclusive authority to resolve any disputes relating to the interpretation, applicability, enforceability or formation of this Arbitration Agreement**, including any claim that all or any part of this Arbitration Agreement is void or voidable. The **Arbitrator shall also be responsible for determining all threshold arbitrability issues**, including issues relating to whether the Terms are unconscionable or illusory and any defense to arbitration including waiver, delay, laches, or estoppel.

*See* Complaint, Exhibit 2-E [Doc. 1-3] at § 2 (emphasis added). Courts in this district have consistently held that delegation provisions, such as the provision at issue here, will be upheld upon clear and unmistakable evidence that the parties agreed to submit threshold issues of arbitrability to the arbitrator. Just last year, the United States Supreme Court ruled that courts *must* enforce contracts that delegate to an arbitrator the question whether a dispute is arbitrable in the first place. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 526 (2019). *See also*, *Evangelical Lutheran Good Samaritan Soc'y v. Moreno*, 277 F. Supp. 3d 1191, 1223 (D.N.M. 2017) ("The Admission Agreement provides clear-and-unmistakable evidence that the parties agree to arbitrate arbitrability, because it clearly incorporates an agreement to make arbitrability subject to arbitration."); *Dreamstyle Remodeling, Inc. v. Renewal by Andersen, LLC*, No. CV 19-1086 KG/JFR, 2020 WL 2065276, at *5 (D.N.M. Apr. 29, 2020) (similar); *Davis v. USA Nutra Labs*, 303 F. Supp. 3d 1183, 1199 (D.N.M. 2018) (similar); *Walker v. Dillard's, Inc.*, No. CV 17-657 MV/KK, 2019 WL 1283001, at *4 (D.N.M. Mar. 20, 2019) (similar). Whether there exists clear and unmistakable evidence that the parties agreed to submit threshold issues of arbitrability to the arbitrator "typically turns on the text within the agreement." *Moreno*, 277 F. Supp. 3d at 1222. Moreover, "[i]f a party invokes a clear-and-unmistakable delegation clause before a federal

court, the opposing party must challenge the delegation clause's validity specifically, and not the contract's validity generally, to overcome the FAA's command to compel arbitration." *Id.* at 1221.

Here, Defendants request a jury on the issue of contract formation because they "dispute that any agreement to arbitrate was formed." *See* Motion [Doc. 4] at 11. However, the delegation clause unequivocally states that "[t]he parties agree that the arbitrator … *shall have exclusive authority* to resolve any disputes relating to the interpretation, applicability, enforceability *or formation of this Arbitration Agreement*…." *See* Complaint, Exhibit 2-E [Doc. 1-3] at § 2 (emphasis added). The evidence clearly and unmistakably shows an agreement between the parties to submit any dispute regarding the underlying contract formation to the arbitrator and, consequently, Defendants' jury demand regarding contract formation is improper and should be denied.

## CONCLUSION

For the foregoing reasons, Uber respectfully requests that this Court deny Defendants' Motion to Dismiss, and grant any further relief as the Court deems just and proper.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
 & SISK, P.A.

By: */s/ Nathan T. Nieman*
    Tim L. Fields
    Nathan T. Nieman
    Jennifer A. Kittleson
    P.O. Box 2168
    500 Fourth Street NW, Suite 1000 (87102)
    Albuquerque, New Mexico  87103-2168
    Telephone: 505-848-1800
    tlf@modrall.com
    ntn@modrall.com
    *Attorneys for Plaintiffs*

WE HEREBY CERTIFY that on the 28th day of August, 2020, we filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

MODRALL, SPERLING, ROEHL, HARRIS
   &amp; SISK, P.A.

By: */s/ Nathan T. Nieman*
    Nathan T. Nieman

*W3819027.DOCX*